IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS MARTIN SUKUP,

    Plaintiff,                    No. 2:08-cv-2877 JFM (PC)

    vs.

VICTORIA C. MINOR, etc., et al.,      ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a federal prisoner. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff has named court clerks of the instant court and of the United States Court of Appeals for the Ninth Circuit as defendants in this action. Plaintiff contends, *inter alia*, that defendant clerks failed to process his appeal in United States v. Sukup, 2:97-cr-0461 DFL KJM, pursuant to his requests contained in docket numbers 81 and 82.[1] All of the named defendants

---

[1] Docket No. 81 was dated April 30, 1999 and was filed on May 6, 1999. Docket No. 82 was dated May 4, 1999 and was filed on May 7, 1999. Id. Plaintiff pled guilty in March 1999, received his sentence on June 3, 1999, and judgment was entered on June 10, 1999. Id.

1

are federal employees and, given the allegations of the complaint, were acting within the scope of their employment at the time of the acts alleged.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, in order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff has provided no allegations that suggest these federal employees were acting under color of state law.  See Billings v. United States, 57 F.3d 797, 801 (9th Cir.1995); see also Lopez v. Dep't of Health Services, 939 F.2d 881, 883 (9th Cir.1991).  Accordingly, plaintiff's allegations fail to state a claim on which relief can be granted and this action must be dismissed without leave to amend.

Moreover, the court notes that plaintiff is attempting to re-litigate his claim that he timely filed an appeal in United States v. Sukup, Case No. 2:97-cr-0461 DFL KJM.[2]  Plaintiff appears to claim the docket sheet confirms the district court's order that plaintiff timely filed a notice of appeal, yet the clerk's office employees failed to process the appeal.  However, the district court specifically addressed the substance of plaintiff's two filings at issue here:

> Even a liberal construction of the two letters reveals that they are not the functional equivalent of a notice of appeal of the judgment and sentence because they utterly fail to convey defendant's intent to appeal his sentence.  Instead, the letters challenge the propriety of the pre-sentence report.  As a result, they were properly treated as objections to the pre-sentence report, which is exactly how the clerk described the letters in the "Docket Text."

---

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

> The court finds that defendant failed to file a notice of appeal within 10 days of the court entering judgment and that the clerk did not make any clerical errors in docketing the two letters. Therefore, this motion is DENIED.

Id., Order filed March 10, 2006, at 3-4, addressing docket nos. 81 & 82.  Whether or not the docket sheet accurately reflects plaintiff's intention concerning the appeal in the underlying criminal action, the substance of plaintiff's requests was decided by the district court on March 10, 2006 and plaintiff may not now attempt to re-litigate that decision by way of a civil rights action or by challenging the record-keeping of the docket sheet.

IT IS ORDERED that plaintiff's application to proceed in forma pauperis is granted; and the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 21, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; sukup.56